PUBLIC REDACTED VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XYZ PRODUCTS, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:26-cv-1692 |
| THE INDIVIDUALS, PARTNERSHIPS, ) | |
| AND UNINCORPORATED ) | **JURY TRIAL DEMANDED** |
| ASSOCIATIONS IDENTIFIED IN ) | |
| SCHEDULE A, ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT

Plaintiff ██████████████ ("Plaintiff") brings this actions against The

Individuals, Partnerships, and Unincorporated Associations Identified In Schedule "A", hereto

(collectively, "Defendants"), and alleges as follows:

1. On ████████████████████████████████████

████████████████████████████ (the "Asserted Patent") entitled "██████

████████████████" Plaintiff brings this action against Defendants pursuant to 35

U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more

claims of the Plaintiff's Asserted Patent.  A true and correct copy of the Asserted Patent is

attached hereto as Exhibit A.

2. This action is brought by Plaintiff to stop infringers who, without authorization

or license, import, distribute, market, and sell the products identified in **Exhibit B** and Schedule

A (the "Accused Products") that infringe the Asserted Patent. The Defendants are direct

competitors that create Defendant Internet Stores on multiple ecommerce platforms and design

1

them to appear to be selling genuine products, while actually selling Accused Products to unknowing consumers. Many Defendants operate their Internet stores using Plaintiff's brand name, and they advertise, sell and offer to sell the same Accused products, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff is compelled to initiate this action to prevent ongoing infringement of the Asserted Patent and to protect consumers from purchasing infringing goods online. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable harm through the loss of its lawful patent rights to exclude others from making, using, offering for sale, selling, and importing the patented invention, and therefore seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

3. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

4. This Court has personal jurisdiction over Defendants because each Defendant directs business activities toward consumers in the United States, including within the State of Pennsylvania, through the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores") and related instrumentalities through which they advertise, and/or offer to sell, sell, import, distribute, supply, fulfill, or otherwise facilitate the accused products. Defendants thereby cause products accused of infringing the Asserted Patent to be offered for sale and/or sold to residents of Pennsylvania. Each Defendant targets this forum by accepting payment in U.S. dollars, enabling or causing the accused products to be shipped into this District, and, on information and belief, importing and selling such products as shown in **Exhibit B**. Defendants have thereby committed acts of infringement in Pennsylvania, engaged in interstate commerce, and caused substantial injury to Plaintiff in this Commonwealth.

5.        Personal jurisdiction over a non-resident of the State in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4 (e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to § 5322 of the Pennsylvania Consolidated Statutes, Title 42, which provides in pertinent part:

(a) **General Rule.** A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1)  Transacting any business in this Commonwealth [including, but not limited to:]…

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii)    The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv)    The engaging in any business or profession within this Commonwealth.

\*\*\*

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

\*\*\*

(10) Committing any violation within the jurisdiction of this Commonwealth of any statute … or rule or regulation promulgated thereunder by any government unit.

(b) **Exercise of full constitutional power over nonresidents.** In addition to the

3

provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States. 42 Pa. Cons. Stat. § 5322.

6.     Exercise of full constitutional power over nonresidents. In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States. 42 Pa. Cons. Stat. § 5322.

7.     Additionally, Federal Rules of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because, Defendants are all existing outside of the United States and its territories and regularly conduct, transact, and solicit business in the United States, in Pennsylvania and, upon information and belief, derive substantial revenue from their business transactions in the United States and in Pennsylvania. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Defendants should reasonably expect that their acts of patent infringement in Pennsylvania would subject them to legal action in Pennsylvania and this Judicial District. Personal jurisdiction is thus also proper in pursuance of Rule 4(k)(2).

8.     Venue in this judicial district is proper, *inter alia*, under 28 U.S.C. §§ 1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district.

## JOINDER

9.     Joinder of the Defendants identified in Schedule A is proper. The claims against

4

all Defendants arise from their collective involvement in the importation, distribution, marketing, or sale of the same or similar accused products or the same parts of the Accused Products alleged to infringe the functional claims of the same Asserted Patent.

10.     As seen in **Exhibit B**, the Accused Products are identical as far as their functional aspects in relation to the Asserted Patent. They all use a similar constructions albeit in two versions of Plaintiff's patented invention, including the structure and type. As such, common questions of fact exist in regard to all Defendants in terms of infringement and any likely counterclaims for noninfringement and/or invalidity of the Asserted Patent. Furthermore, Defendants operate their respective Internet Stores under the same brand name (Plaintiff's brand) through which they advertise, offer for sale, and sell the Accused Products. Each of the Defendant Internet Stores relies on the identical or similar advertising of the same functional products and use similar labeling, boxing, and instruction guides on how to use the Accused Products.

11.     Proceeding jointly promotes judicial economy, avoids inconsistent adjudications, and does not prejudice any Defendant.

## THE PARTIES

12.     Plaintiff █████████████ is a limited liability company organized and existing under the laws of the State of Minnesota with a principal place of business at ████ ██████████████████████████.

13.     Defendants are, on information and belief, are individuals, partnerships, and unincorporated associations located outside of the United States and its territories.

## BACKGROUND AND INFRINGEMENT

14.     Plaintiff, under the Asserted Patent, sells and offers for sale products in the United States through third-party online ecommerce platforms such as Amazon.com, Temu.com, and Tiktok.com (the "Online Platforms") directly and through its patent licensees, which products

embody all the elements of at least claim 1 or claim 12 of the Asserted Patent.

15.    Initial claim charts for each Defendant are shown in Exhibit B, which demonstrate that each and every element of at least claim 1 or claim 12 of the Asserted Patent can be found in the Accused Products.

16.    Defendants have manufactured on their behalf, import, offer for sale, and sell the Accused Products, without Plaintiff's authorization, which Accused Products infringe at least claim 1 or claim 12 of the Asserted Patent. Defendants' Accused Products are sold through the Defendant Internet Stores.

17.    Defendants are not licensees to the Asserted Patent.  Defendants pay no royalties on sales of Defendants' Accused Products, and Defendants are causing price erosion through the sale of the Accused Products to Plaintiff's detriment.

18.    Defendants have infringed, and continue to infringe, the Asserted Patent through their sales and offers for sale of the Accused Products via their Defendant Internet Stores (which products Defendants had manufactured on their behalf and imported into the United States).

19.    Defendants' business names, Seller IDs, associated payment accounts, and any other aliases used in connection with the sale of the Accused Products are essential components of Defendants' online activities and are the means by which Defendants perpetuate their infringement schemes and harm Plaintiff.

20.    Defendants' importation, offer for sale, and sale of the Accused Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are all importing, offering to sell, and selling products believed to be made by the same foreign manufacturer, the identity of which is unknown to Plaintiff and concealed by Defendants. For example, Defendants' listings for the Accused Products do not identify the true "manufacturer" of the Accused Products but, rather, misleadingly identify the seller as the "manufacturer," deceiving the consuming public as to

the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of the Accused Products).

21.     Defendants are, through at least their Defendant Internet Stores operated under Defendants' Seller IDs, promoting, advertising, distributing, offering for sale, and selling the Accused Products that infringe at least claim 1 or claim 12 of the Asserted Patent.

22.     Defendants are marketing the Accused Products through unfair, deceptive, and fraudulent means. Specifically, Defendants have made, and continue to make, false claims as to the source or origin of the Accused Products, as Defendants regularly fabricate the "manufacturer" listed on Defendant Internet Stores. Upon information and belief, Defendants import, offer for sale, and sell the Accused Products, which are believed to be made by the same foreign entity  (or closely related entities); however, Defendants regularly mis-identify the "manufacturer" as someone else when, in fact, they do not manufacture the Accused Products. Defendants' intentional concealment of the manufacturer of the Accused Products has prevented Plaintiff from confirming the identity thereof.

23.     Defendants have engaged, and continue to engage, in industry-wide cooperation with respect to the product function and manufacture of the Accused Products. Even if Defendants have not engaged in direct concerted action, the "independent" acts of Defendants have nevertheless concurred to produce indivisible harmful consequences to Plaintiff.

24.     Defendants have engaged in the aforementioned improper conduct in addition to Defendants' infringement of the Asserted Patent.

25.     As part of Defendants' overall infringement scheme, Defendants are, upon information and belief, concurrently employing and benefiting from substantially similar advertising and marketing strategies designed to make the Accused Products appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an unauthorized marketplace that is operating in parallel to the

legitimate marketplace for Plaintiff's products authorized to be sold by Plaintiff.

26.    The foregoing unfair and deceptive conduct by Defendants has caused, and will continue to cause, individual, concurrent, and indivisible harm to Plaintiff and the consuming public. Specifically, Defendants are: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Platforms' search results and reducing the visibility of Plaintiff's products in the various Online Platforms; (2) diluting and eroding the retail market price for Plaintiff's products by at least half and up to one third; and (3) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's products.

27.    Plaintiff confirmed that each Defendant was, and is currently, offering for sale and selling the Accused Products to the consuming public via Defendants' Internet Stores using their Seller IDs. Plaintiff has confirmed that Defendants provide shipping, and on information and belief, have actually shipped, and/or stand ready, willing, and able to ship the Accused Products to customers located within this Judicial District.

28.    In addition to the above-described unfair and deceptive activities, Defendants are infringing the Asserted Patent knowingly and intentionally, or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patent. If Defendants' infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

29.    Further, Defendants use similar images on their online ecommerce pages and similar product descriptions.  In addition, packaging, printing on the products, instructions, and mounting options are common to the defendants' products. Thus, the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact are common to all defendants arise in this action.

8

30.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias online commerce stores, seller identification names, domain names, or websites being used or controlled by them.

31.     Upon information and belief, Defendants are likely to transfer or hide their assets to avoid payment of any monetary judgment awarded to Plaintiff.

32.     Given the likelihood that Defendants will simply transfer money from their accounts and open new product listings to continue selling the Accused Products, Plaintiff has no adequate remedy at law. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful infringement of at least one claim of the Asserted Patent.

33.     The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' Infringement of the Asserted Patent in the United States.

**COUNT I:**
**DEFENDANTS' DIRECT INFRINGEMENT OF U.S. PATENT NO.** ▆▆▆▆

34.     Plaintiff realleges and incorporates by reference paragraphs 1-33, inclusive, as though fully set forth herein.

35.     Defendants have directly or under the doctrine of equivalents, infringed, and continue to infringe, the claims of the Asserted Patent.

36.     Defendants' Accused Products comprise each and every element of at least claim 1 or claim 12 of the Asserted Patent.

37.     Defendants offer for sale, sell, and import into the United States for subsequent resale or use Accused Products that infringe directly and/or under the doctrine of equivalents, at least claim 1 or claim 12 of the Asserted Patent.

38.     Defendants have infringed the Asserted Patent through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused

Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

39.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Asserted Patent, Plaintiff will be greatly and irreparably harmed.

40.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants, individually and as follows:

A.  Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283, and Federal Rules of Civil Procedure 65, against Defendants, their agents, representatives, servants, employees, and all of those acting in concert or participation therewith (including, but not limited, to an injunction prohibiting Defendants from promoting, advertising, distributing, having manufactured, importing, offering for sale, and selling Defendants' Accused Products).

B.  Entry of an Order awarding Plaintiff damages adequate to compensate for the infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284 and that the award be trebled as provided for under 35 U.S.C. § 284.

C.  Entry of an Order finding that this case is exceptional and an award to Plaintiff of its attorneys' fees and costs as provided for under 35 U.S.C. § 285.

PUBLIC REDACTED VERSION

D.  Entry of an award of pre- and post-judgment interest on the judgment amount.

E.  Entry of an order for any further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: August 11, 2026                    Respectfully submitted,

                                          /s/ Kendal M. Sheets
                                         Kendal Sheets (VSB No. 44537)
                                         ksheets@dnlzito.com
                                         Tel: 703-489-8937
                                         DNL ZITO
                                         1250 Connecticut Avenue, NW Suite 700
                                         Washington, DC 20036
                                         Fax: (703) 997-7534

                                         *Attorney for Plaintiff*